UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-813-H & CRIMINAL: 3:06CR-90-H

JIAN TIAN LIN,                                                                                              PLAINTIFF

v.

UNITED STATES OF AMERICA,                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Some five and a half years after his sentencing, Petitioner has moved to vacate the final judgment where he had pled guilty to an aggravated felony. His motion is based upon not being informed that his guilty plea would have negative consequences to his immigration status and the recent Supreme Court decision in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), holding that failure to provide such information could constitute ineffective assistance of counsel.

The circumstances are these. Plaintiff pled guilty on December 18, 2006, to conspiracy to harbor aliens in violation of federal law. He was sentenced to time served and a period of supervised release. On November 13, 2008, he completed his term of supervised release. The United States Immigration and Customs Enforcement ("ICE") determined that pursuant to Section 101(a)(43) of the Immigration and Nationality Act, Petitioner's plea on the "harboring" charge constituted an "aggravated felony", making him ineligible for asylum status. As a result, he is automatically deportable.

This Court must address three issues in deciding Petitioner's motion: whether the motion is procedurally proper; whether this Court believes that the *Padilla* holding is retroactive and therefore applicable to Petitioner's case; and if so, whether, under the circumstances of Petitioner's legal representation, Petitioner received ineffective assistance of counsel in violation of the Sixth

Amendment of the United States Constitution.

I.

Petitioner's motion did not identify the precise federal statute or rule supporting it. This presents an unusual and unclear procedural posture. The Court will first discuss the proper context of Petitioner's motion in these unusual circumstances.

Though Petitioner's original motion to vacate did not so specify, the Court assumes that it was intended as a 28 U.S.C. § 2255 motion.[1] Though Petitioner agrees that this is a procedurally improper motion in this circumstance,[2] he may be entitled to relief under the All Writs Act, 28 U.S.C. § 1651, which authorizes the writ of error *coram nobis*. The Sixth Circuit determined that "a writ of error *coram nobis* may sometimes be used to vacate a federal conviction after the petitioner has already served his sentence[,] and relief under 28 U.S.C. § 2255 is unavailable." *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). The writ should only be granted under sufficiently compelling circumstances. *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984).

Although this is certainly an unusual procedural posture, the Sixth Circuit has recognized the possibility of treating a petitioner's § 2255 motion as a writ for error *coram nobis* in the proper circumstances. *See Wood v. United States*, 909 F.2d 1485, at *1 (6th Cir. 1990)(unpublished)("Finally, the district court did not err by refusing to treat his § 2255 petition as a motion for a writ of error *coram nobis* because Wood is currently serving the sentences which

---

[1] Consequently, this Court has opened a civil action for this motion corresponding with the criminal case assigned to docket number 3:12-CV-813-H.

[2] This is because a § 2255 motion is not available to a petitioner who has served his sentence, paid all fines and forfeitures, and is no longer in custody. *See* 28 U.S.C. § 2255. The Court took this procedural step in order to open a civil case for this matter and provide some authority for the motion.

form the basis of his petition."). Moreover, in the seminal *coram nobis* case, *United States v. Morgan*, the Supreme Court dealt with the following situation:

> The foregoing summary of steps discloses respondent's uncertainty in respect to choice of remedy. The papers are labeled as though they sought a common law writ of error coram nobis but the notice of the motion indicates that an order voiding the judgment is sought. In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief. We think a belated effort to set aside the conviction and sentence in the federal criminal case is shown. We therefore treat the record as adequately presenting a motion in the nature of a writ of error coram nobis enabling the trial court to properly exercise its jurisdiction.

346 U.S. 502, 505 (1954). Accordingly, the Court concludes that the proper approach here is to treat the § 2255 motion as a writ for error *coram nobis*.

The Government argues that Petitioner delayed too long to file his motion, and that laches now bars the relief. *See Craven v. United States*, 26 F. App'x 417, 419 (6th Cir. 2001). To avoid laches, "a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case." *Id.* Here, the Court does not find that the delay is either material or prejudicial. According to Petitioner's affidavit, he did not realize the consequence of his plea until ICE recently determined that he was not eligible for asylum status. This determination makes Petitioner now subject to deportation at any time. Petitioner filed this motion shortly after being made aware of the negative consequences of his conviction for an aggravated felony, and has thus shown sound reason for not seeking relief at an earlier time.

II.

The Court must next determine whether the writ of error *coram nobis* is actually warranted in this case. A writ of error *coram nobis* is an extraordinary writ, available only to review errors "of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Blanton v.*

3

*United* States, 94 F.3d 227, 231 (6th Cir. 1996)(quoting *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984)).  Petitioner argues that the *Padilla* decision is such a watershed moment and so influential on his particular case that it justifies the writ of *coram nobis*.  This could be so only if *Padilla* applies retroactively to Petitioner.  Therefore, this Court must determine whether the *Padilla* holding was an extension of already existing precedents dictated by the law.

A.

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court outlined the rules concerning the retroactivity of its own holdings.  The Supreme Court determined that a new constitutional rule was not retroactively applicable.  Without specifically defining the contours of a "new rule," the Court set forth that a rule is new when it "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 300.  To be sure, the holding of a new rule is retroactively applicable to a case on direct review, but it has retroactive applicability for cases on collateral review only under a set of two very narrow circumstances that are not relevant here. *Id.*  On the other hand, an old rule, or a rule that was dictated by precedent, is retroactively applicable in all cases. *Id.* at 305-309.

In *Padilla*, the Supreme Court announced for the first time that "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel," thus opening the door for convicted offenders to assert an ineffective assistance of counsel claim against their legal representatives for failure to discuss the consequences of their convictions on deportation. *Padilla*, 130 S.Ct. at 1480-82.  The *Padilla* holding has retroactive applicability only if it can be considered an extension of already existing precedent.

B.

4

Petitioner argues that the Supreme Court previously announced its general rule regarding constitutionally ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984), and that *Padilla* merely elaborated upon this already existing rule. Because *Padilla* did not announce a "new rule," therefore, its holding should be applied retroactively here.

This Court has previously considered this question. Under a very similar circumstance, in *United States v. Lin*, 2011 WL 197206 (W.D. Ky. Jan. 20, 2011), this Court held that *Padilla* "does not create a new rule or criminal constitutional law and, therefore, *Padilla* governs petitions for post-conviction relief filed after the court's decision." *Id.* at *1. Since that time, three Courts of Appeals and one state Supreme Court, in addition to dozens of other district and lower state courts, have also addressed the issue with mixed results. *Compare Chaidez v. United States*, 655 F.3d 684, 692 (7th Cir. 2011)(holding that "in 2004, a jurist could reasonably have reached a conclusion contrary to the holding in *Padilla*, such that *Padilla* announced a new rule for purposes of *Teague*") *with United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011)(holding that "because *Padilla* followed directly from *Strickland* and long-established professional norms, it is an "old rule" for *Teague* purposes and is retroactively applicable on collateral review") *and Commonwealth v. Clarke*, 949 N.E.2d 892, 904 (Mass. 2011)(holding that "the holding in *Padilla* is to be applied retroactively to criminal convictions"). Notably, the Supreme Court granted a writ of certiorari to answer this question and heard oral arguments on the case on November 1, 2012. It has yet to render its decision. *See Chaidez v. United States*, 132 S.Ct. 2101 (2012).

After thoroughly examining decisions handed down after this Court's decision in *Lin*, this Court reaffirms its earlier decision that *Padilla* is not a "new rule" and therefore applicable to the present case. *Strickland* was a broad outline of the two-step procedure necessary to establish a

5

constitutionally ineffective assistance of counsel claim, under which the Petitioner must prove (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 446 U.S. at 687. *Padilla* merely further articulated that a petitioner could satisfy the first prong of this test by establishing that petitioner's counsel failed to warn of the deportation consequences of conviction, because "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Padilla*, 130 S.Ct. at 1482.

Moreover, language in the *Padilla* opinion shows that the Supreme Court contemplated the retroactivity of this decision. Indeed, "[t]he *Padilla* court went to great lengths to advise that its decision will not 'open the flood gates' to a significant number of new post-conviction petitions. This extensive discussion would not be necessary or make sense if *Padilla* only applied prospectively." *Lin*, 2011 WL 197206, at *2. The Court will not, as the Government requests, delay its decision until such time as the Supreme Court has issued its judgment in *Chaidez* because of the irresolute ground upon which Petitioner stands due to the constant threat of deportation. The Court is concerned that Petitioner is subject to deportation while a reasonable likelihood exists that the Supreme Court may confirm belatedly that the relief he seeks is appropriate.

The Court is also mindful of the possibility that the Supreme Court's decision will fall the other way. Under such a circumstance, the Government may either appeal this decision or move for reconsideration of it, whichever may be most appropriate. In any event, the Court now will apply the *Padilla* holding retroactively in this case.

III.

Finally, the Court must examine whether counsel rendered Petitioner was ineffective under

6

*Strickland*. First, Petitioner must prove that counsel's performance was deficient, under an objective reasonableness standard. *Strickland*, 446 U.S. at 687. According to Petitioner's affidavit, his counsel never informed him of the negative impact of a guilty plea to an aggravated felony upon his citizenship status and the likelihood of his deportation. The Government does not dispute this contention. For the reasons stated in *Padilla*, the failure of counsel to inform Petitioner of the grave immigration consequences of the guilty plea was grossly violative of the professional standards at the time of the plea, sufficient to satisfy the first prong of the *Strickland* test.

The second prong of the *Strickland* test requires that the deficient performance prejudice the defendant. *Id.* To satisfy the second prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 53, 59 (1985). According to Petitioner's undisputed affidavit, he would not have pleaded guilty to the offense if he was aware of the negative consequences on his immigration status. He claims to have been lured by the plea agreement that sentenced him to time served and supervised release, among other things, and essentially allowed him immediate release. Petitioner has thus satisfied the second *Strickland* requirement.

In sum, a writ of error *coram nobis* should only be granted under extraordinary circumstances where justice so requires and no other remedy is available. *United States v. Morgan*, 346 U.S. 502 (1954). Although Petitioner was convicted of a serious crime, his personal situation illustrates the extraordinary circumstance he faces. Petitioner is a Chinese national who has lived in the United States for 19 years. Petitioner has a wife seeking citizenship and two children who are United States citizens. Forced removal would tear apart the family and potentially have significant repercussions for Petitioner. For all these reasons, the Court concludes that under the authority of

*Padilla* applied here, Petitioner is entitled to the relief requested.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that all parties will file all subsequent documents pertaining to this action in docket number 3:12-CV-813-H, restyled as *Jian Tian Lin v. United States*.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter the following documents, currently in docketed under 3:06-CR-90-H, in the 3:12-CV-813-H docket: Motion to Vacate Final Judgment (DN 69), Motion for Extension of Time to File Response to Motion by the United States (DN 70), Order on 8/24/2012 granting Motion for Extension of Time (DN 71), Filing of Official Transcript of Change of Plea (DN 72), Motion for Extension of Time to File Response/Reply to Motion by the United States (DN 74), Order on 10/5/2012 granting Motion for Extension of Time to File Response (DN 75), Response to Motion by USA (DN 76), Motion for Extension of Time to File Response/Reply by Jian Tian Lin (DN 77), Order on 11/14/2012 granting Motion for Extension of Time (DN 79), and Reply to Response by Jian Tian Lin (DN 80).

IT IS FURTHER ORDERED that Petitioner's writ of error *coram nobis* is SUSTAINED and that on or before **January 11, 2013**, Petitioner shall file a proposed final judgment in docket number 3:12-CV-813-H.

IT IS FURTHER ORDERED that on or before **January 11, 2013**, either party may request a hearing to determine appropriate proceedings and/or relief consistent with this order.

cc: Counsel of Record